RECEIVED

MAY 0 6 2026

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

## UNITED STATE DISTRICT COURT
## DISTRICT OF MINNESOTA

**JANE DOE,**
Plaintiff,

v.

**Metropolitan State University et al.,**
Defendants:

    1- Amy Gort, in her individual and official capacities;
    2- Ginny Arthur, in her individual and official capacities;
    3- Rassule Hadidi, in his individual and official capacities;
    4- Josefina Landreau, in her individual and official capacities;
    5- Minjung Park, in her individual and official capacities;
    6- Kristin Burgess, in her individual and official capacities;
    7- Maya Sullivan, in her individual and official capacities;

Case No.: _26-cv-2524-PJS/EMB_
Judge: _____

---

## PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM

Plaintiff, by and through himself, respectfully moves this Court for leave to proceed under the pseudonym **"Jane Doe"** in the above-captioned matter. In support of this Motion, Plaintiff states as follows:

---

## I. INTRODUCTION

1. Plaintiff brings this action to redress serious reputational, professional, and emotional harm arising from Defendants' false statements portraying him as a "safety threat," Defendants' dissemination of those statements to external institutions, and Defendants' refusal to correct the record despite possessing evidence disproving the allegations.



SCANNED
MAY 0 6 2026
U.S. DISTRICT COURT ST. PAUL

1

2. Public disclosure of Plaintiff's identity in connection with these false and stigmatizing allegations would cause further irreparable harm, including additional reputational injury, professional damage, and risk of retaliation.

3. Defendants already know Plaintiff's identity. Proceeding under a pseudonym therefore protects Plaintiff from public exposure while causing no prejudice to Defendants.

## II. LEGAL STANDARD

5. Courts have discretion to permit pseudonymous litigation when a plaintiff demonstrates that the need for anonymity outweighs the public's interest in open judicial proceedings.

6. Relevant factors include:

   a. the sensitivity of the issues;

   b. the risk of retaliatory harm;

   c. the risk of reputational injury;

   d. whether the plaintiff is particularly vulnerable to harm;

   e. whether the defendant already knows the plaintiff's identity; and

   f. whether anonymity would prejudice the defendant.

7. When allegations involve false accusations of dangerousness, misconduct, or other stigmatizing claims, courts frequently find that pseudonym protection is warranted.

## III. ARGUMENT

### A. Public disclosure would expose Plaintiff to further harm and retaliation

11. Plaintiff has already experienced retaliation after reporting the misconduct internally.

12. Public disclosure of his identity in this lawsuit would expose him to additional retaliation, professional harm, and emotional distress.

13. The risk of further harm is substantial and ongoing.

---

### B. Defendants already know Plaintiff's identity, so anonymity causes no prejudice

14. Plaintiff's identity is fully known to MSU and all Defendants and the individual defendants.

15. Proceeding under a pseudonym affects only the **public docket**, not Defendants' ability to defend the case.

16. Courts routinely grant pseudonym protection where defendants already know the plaintiff's identity.

---

### C. The public interest is not harmed by allowing pseudonym protection

17. The public can fully understand the nature of the case without knowing Plaintiff's name.

18. The issues presented—false statements, retaliation, and institutional misconduct—can be adjudicated without public disclosure of Plaintiff's identity.

19. The balance of interests strongly favors anonymity.

## IV. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

1. Granting Plaintiff leave to proceed under the pseudonym **"Jane Doe"**;

2. Permitting Plaintiff to file a sealed declaration containing his true identity;

3. Directing that all public filings refer to Plaintiff only as "jane Doe"; and

4. Granting such other relief as the Court deems just and proper.

Respectfully Submitted

Aber Elslaieby

4